IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RAMIRO CANALES | § | |
| | § | |
| V. | § | A-12-CV-1036-LY |
| | § | |
| ALM MEDIA, LLC, *et al.* | § | |

## ORDER

Before the Court are the following motions and their associated responses and replies:

(1) Plaintiff/Counter-Defendant's First Motion to Compel and Motion for Sanctions (Dkt. No. 67); Defendant/Counter-Plaintiff's Response (Dkt. No. 72); Plaintiff/Counter-Defendant's Reply (Dkt. No. 75);

(2) Plaintiff/Counter-Defendant's Motion for Leave to File Sealed Document (Dkt. No. 68);

(3) Plaintiff/Counter-Defendant's Motion to Quash Deposition Notice and for Protective Order (Dkt. No. 70); Defendant/Counter-Plaintiff's Response (Dkt. No. 73); Plaintiff/Counter-Defendant's Reply (Dkt. No. 76); and

(4) Plaintiff/Counter-Defendant's Second Motion to Quash Deposition Notice and for Protective Order (Dkt. No. 81).

The District Court referred the above-motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules. The Court held a hearing on the motions on June 10, 2014.

### I. ANALYSIS[1]

As an initial matter, the Court addresses Plaintiff/Counter-Defendant Ramiro Canales's ("Canales") Motion for Leave to File Sealed Documents (Dkt. No. 68). At the hearing, Canales represented that he only filed the motion out of caution because the documents attached contained

---

[1] Because the general and relevant background in this case has already been set forth in a previous filing, the Court will not restate it here. *See* Dkt. No. 38 at 1–3.

confidential information. However, both parties represented at the hearing that they did not oppose the public filing of the documents attached to Canales's motion. Accordingly, the Court **DENIES** the request to file documents under seal contained in Canales's Motion for Leave to File Sealed Documents (Dkt. No. 68) and **ORDERS** that the documents attached to Canales's motion be filed by the Clerk, as part of the public file, and *not* under seal.

Additionally, the Court **DENIES** Canales's First and Second Motions to Quash Deposition Notice and for Protective Order (Dkt. Nos. 70, 81). Canales filed the motions in response to Defendant/Counter-Plaintiffs ALM Media, LLC, and ALM Media Properties, LLC's (collectively "ALM"), Notice of Intent to depose Canales. Canales presents the untenable argument that his deposition should not be taken until the Court resolves his Motion to Compel and for Sanctions (Dkt. No. 67), arguing that ALM is withholding nonprivileged and relevant documents that he needs to be prepared to be deposed. As noted previously by the undersigned, nothing in the federal rules requires that a party conduct discovery in any particular order. *See Simmons v. Tex. Water Dev. Bd.*, No. A–09–CA–785, 2010 WL 3702626 at *1 (W.D. Tex. Sept. 16, 2010). Rule 26(d)(2) specifically provides that "[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." There is simply no merit to Canales's contention and the Court declines to quash his deposition on this basis.

Moreover, Canales has failed to demonstrate a good faith attempt to confer with ALM or "good cause" to quash his deposition or for this Court to issue a protective order. Again, the Federal Rules are clear on this topic. FED. R. CIV. P. 26(c) states that a party's motion for a protective order "must include a certification that *the movant* has in good faith conferred or attempted to confer with

other affected parties in an effort to resolve the dispute without court action." (emphasis added). Only then may a Court, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Here, neither of Canales's motions to quash contain any information suggesting that he has conferred in good faith with ALM regarding the noticed deposition date. *See also* Local Rule CV-7(i). Canales further does not claim that the noticed deposition time, date, or location, would present any problem for him. Rather, Canales's argument is that his deposition should be delayed until the Court resolves his Motion to Compel and for Sanctions (Dkt. No. 67). As noted previously, this contention is without merit. Accordingly, the Court **DENIES** Canales's First and Second Motions to Quash Deposition Notice and for Protective Order (Dkt. Nos. 70, 81) in their entirety.

A.   **Canales's First Motion to Compel and for Sanctions (Dkt. No. 67)**[2]

Canales presents two main arguments in his Motion to Compel: (1) ALM has failed to meet its burden in claiming the attorney-client privilege; and (2) ALM has improperly objected to producing confidential, proprietary, or trade secret information. Dkt. No. 67. The Court inquired about both of these issues during the hearing on June 10, 2014. From the discussions, it was clear that Canales had not discussed the discovery disputes with ALM's counsel prior to seeking the Court's intervention and that many of the disputes could have been resolved without judicial involvement. Nonetheless, after reviewing the parties' arguments, both in writing and at the hearing, the Court will deny Canales's Motion to Compel and for Sanctions with the understanding that ALM

---

[2] The Court notes that from its review of the parties' filings, it is clear that a good faith conference has not occurred with regard to Canales's complaints about ALM's production of documents in the course of discovery. This conclusion was further buttressed by the parties' representations at the hearing, during which many arguments were expressed for the first time.

(1) will provide Canales a privilege log regarding any documents not involving ALM's outside counsel on which ALM wishes to claim attorney-client privilege; and (2) will work with Canales to resolve its concerns over the production of confidential, proprietary, or trade secret information.

With regard to the issues involving attorney-client privilege, Canales represented at the hearing that he recognized that certain communications were clearly protected by the privilege and that he was not seeking communications between Haynes and Boone (ALM's outside counsel) and ALM. Instead, Canales stated that he was seeking a privilege log for internal communications between, for example, ALM's employees on the particular topic identified in the discovery request. In response, ALM argued that the discovery requests at issue were written so broadly as to include all communication ever conducted on the particular topic—including communications between ALM and Haynes and Boone. *See, e.g.*, Dkt. No. 67, Exhibit B, Request for Documents No. 2 (asking for "[e]ach document concerning the changing of the name of the e-newsletter from SUPREME COURT INSIDER to SUPREME COURT BRIEF"). ALM further contended that the requests were also written broadly to include communications conducted after the instant suit had been filed. As a result of these broadly written requests for production, ALM noted that it attempted to work with Canales to potentially narrow the scope of these requests. Instead, the Motion to Compel was filed. It is important to note that Canales does not appear to challenge ALM's claiming of the attorney-client privilege; rather, he only appears to be seeking a privilege log for the documents on which ALM is claiming the attorney-client privilege. After Canales represented at the hearing that he was only seeking a privilege log with respect to any documents not involving ALM's outside counsel on which ALM wishes to claim attorney-client privilege, the parties appeared to come to an agreement on this issue. ALM did not object to producing a log for any of the above-described

communications. Accordingly, given the apparent resolution of this issue, the Court will deny Canales's motion on this point.

The parties' second point of dispute concerns ALM's objection to producing confidential, proprietary, or trade secret information. In its responses to Canales's Requests for Production, ALM had noted its objection and concern that there was no attorney of record separate from Canales (who is a licensed attorney representing himself) that would allow ALM to produce the responsive documents under the designation "Attorneys Eyes Only" pursuant to ¶ 2(a) of the Confidentiality and Protective Order in this case. *See, e.g.*, Dkt. No. 67, Exhibit G at 5. Canales stated at the hearing that his primary concern was the lack of information regarding the number of paid subscribers for ALM's newsletter, relevant to determining ALM's sales for damage purposes. Canales represented that he merely sought proof regarding the number of paid subscribers to the newsletter and that certain information could be redacted from the production if ALM determined that the production would reveal confidential or trade secret information. Regarding ALM's concern that Canales was both the litigant and the attorney of record in this case, Canales argued that ALM should have no concern because (1) he has signed the Confidentiality and Protective Order in this case; (2) his website is a free service that does not generate revenue; and (3) he will adhere to his duties as an attorney. In response, ALM represented that it had already produced a master spreadsheet to Canales that listed every paid subscriber to the newsletter with the confidential information redacted. ALM's counsel also represented that he had attempted to call Canales twice to inquire whether he had any questions regarding the spreadsheet. *See also* Dkt. No. 72, Exhibit A. Thus, ALM contended that any dispute about the lack of subscriber data is effectively moot.

The parties also discussed a dispute related to ALM's redesign of its website and "meta tags" that were supposedly removed by ALM from its website, in Canales' view in response to his Second Amended Complaint (Dkt. No. 49). *See* Dkt. No. 67, Exhibit G at 12–13 (concerning Requests for Production Nos. 15 and 16). Despite contending that production of the entire source code would be burdensome, ALM stated that it had produced the source code for its website. Canales complained that ALM had engaged in a "document dump" and that the production was not responsive to his request, which he believed was limited to those webpages bearing the "SUPREMECOURTINSIDER" mark. ALM argued that Canales was confusing "source code" with a specific page's code, and contended that it produced exactly what Canales had asked for: the source code.

First, Canales is incorrect when it characterizes ALM's argument on attorney's-eyes only documents as "amateurish" or without legal basis. Dkt. No. 67 at 8. ALM's concern is legitimate in the unusual context presented here, where Canales is both the litigant and the only attorney of record. In this case, Canales alleges that he is the rightful owner of the "SUPREME COURT INSIDER" mark. Additionally, Canales submits that he maintains webpages that bear the mark, which provide free informational services to his readers. Given this, it is perfectly reasonable for ALM to be concerned about providing Canales information about its website design, non-public financial information about its business, pricing information, and customer identification data. *See* Dkt. No. 72 at 8. The Confidentiality and Protective Order in this case unambiguously provides the parties with the ability to designate certain documents for viewing by attorneys or counsel only. *See* Dkt. No. 39, ¶ 2(a). And the Court is not certain it agrees that ALM's property rights in the information are adequately protected by the existing protective order merely because Canales (1) has

signed the Confidentiality and Protective Order; (2) operates a free service; and (3) is bound by his duties as an attorney. It is obvious that once Canales, the attorney of record, views the confidential information, it will also have been seen by Canales, the litigant and potential competitor of ALM.

Having said this, it appears that the two particular discovery issues presenting this problem were resolved at the hearing. Despite its concerns with regard to confidential information, ALM has produced a master spreadsheet that lists all of the subscribers for its newsletter. And Canales represented that he did not object to ALM's redaction of confidential information for particular subscribers, as he indicates he is only interested in the number of paid subscribers, not their identifying information. With regard to the information Canales requested on ALM's new website, the parties noted their willingness to work towards an agreed-upon solution. Accordingly, the Court **DENIES** Canales's Motion to Compel and for Sanctions (Dkt. No. 67) with the understanding that ALM: (1) will provide Canales a privilege log regarding any documents not involving communication between ALM's outside counsel and ALM, on which ALM is claiming the attorney-client or work product privilege, and (2) will work with Canales to resolve ALM's concerns over the production of confidential, proprietary, or trade secret information.

Finally, the Court addresses the parties' cross-motions for sanctions. As stated by the undersigned at the hearing, it was clear from the parties' filings that Canales had not made a good faith attempt at conferring with ALM's counsel with regard to the discovery disputes raised in his motion. Additionally, a review of the parties' briefing clearly demonstrates that Canales has repeatedly used inappropriate language and displayed a lack of professionalism in working with opposing counsel. *See, e.g.*, Dkt. No. 72, Exhibit B. Although Canales is proceeding *pro se* in the instant suit, he is also an attorney licensed to practice in the State of Texas, and in this Court. While

the Court declines to impose sanctions at this time, Canales is warned that any further behavior or conduct in this litigation that the Court determines to be inappropriate or lacking professionalism will result in sanctions.

## II.  CONCLUSION

In summary, the Court hereby **DENIES** Canales's First Motion to Compel and Motion for Sanctions (Dkt. No. 67); Canales's Motion for Leave to File Sealed Document (Dkt. No. 68); and Canales's First and Second Motions to Quash Deposition Notice and for Protective Order (Dkt. Nos. 70, 81) in their entirety.

SIGNED this 20th day of June, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE