**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **RAMIRO CANALES** | § | |
| | § | |
| **V.** | § | **A-12-CV-1036-LY** |
| | § | |
| **ALM MEDIA, LLC,** *et al.* | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE JUDGE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are the following motions and their associated responses and replies:

(1)   Plaintiff/Counter-Defendant's Second Motion to Dismiss Counterclaims and Affirmative Defenses (Dkt. No. 55);[1]

(2)   Plaintiff/Counter-Defendant's Third Motion to Dismiss Counterclaims and Affirmative Defenses (Dkt. No. 60).

The District Court referred the motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.  The Court held a hearing on the motions on June 10, 2014.

**I.  ANALYSIS[2]**

**A.   Ramiro Canales's Second Motion to Dismiss Defendants' Counterclaims and Affirmative Defenses (Dkt. No. 55)**

In this motion, Plaintiff/Counter-Defendant Ramiro Canales ("Canales") argues that the submission of his Third Amended Complaint (Dkt. No. 53) before Defendant/Counter-Plaintiffs

---

[1]  Canales filed his first Motion to Dismiss Counterclaims and Affirmative Defenses in March, 2013.  *See* Dkt. No. 27.  The undersigned has already submitted a recommendation, adopted by Judge Yeakel, on Canales's first motion.  Dkt. Nos. 38, 48.

[2]  Because the general and relevant background in this case has already been set forth in a previous filing, the Court will not restate it here.  *See* Dkt. No. 38 at 1–3.

ALM Media, LLC, and ALM Media Properties, LLC (collectively "ALM"), submitted their First Amended Answer and Counterclaims to Canales's Second Amended Complaint (Dkt. No. 54) requires the Court to dismiss ALM's filing. Canales accuses ALM of attempting to "resurrect" the Second Amended Complaint by filing its First Amended Answer approximately thirty minutes after Canales had filed his Third Amended Complaint. Dkt. No. 55 at 4. Canales also charges ALM with "amateurish conduct" and failing to "stop and think" before filing its First Amended Answer. *Id.* at 4–5. In response, ALM contends that Canales's arguments are meritless as ALM was permitted to file supplemental pleadings by the Scheduling Order in this case. Dkt. No. 58 at 2. Additionally, ALM notes that Canales makes no discernible arguments under either Rules 12(b)(1) or 12(b)(6) for why ALM's First Amended Answer should be dismissed. *Id.* at 2–3.

After reviewing the parties' filings, the Court will recommend that the District Judge **DENY** Canales's motion. The record clearly demonstrates that the parties were permitted to submit amended pleadings by January 31, 2014. Dkt. No. 36. Canales's assumption that ALM's First Amended Answer was exclusively a response to his Second Amended Complaint is misplaced. Additionally, although Canales purports to move for dismissal of ALM's First Amended Answer pursuant to Rules 12(b)(1) and 12(b)(6), he has not articulated any reasoning for dismissal based on these rules. There is no argument that ALM has failed to state a claim or that the Court does not have subject matter jurisdiction over ALM's counterclaims. Instead, Canales's sole contention—one that the Court finds to be without merit—appears to be that because ALM's First Amended Answer was filed approximately thirty minutes after Canales filed his Third Amended Complaint, ALM's

First Amended Answer should be dismissed.[3]  Moreover, ALM has timely filed an Original Answer and Counterclaims to Canales's Third Amended Complaint (Dkt. No. 56).  Thus, any possible complaint Canales has with regard to ALM's Original Answer (Dkt. No. 52) or First Amended Answer (Dkt. No. 54) is moot.  Accordingly, the Court recommends the Canales' Second Motion to Dismiss ALM's Counterclaims and Affirmative Defenses (Dkt. No. 55) be **DENIED**.

**B.     Ramiro Canales's Third Motion to Dismiss Defendants' Counterclaims and Affirmative Defenses (Dkt. No. 60)**

Canales's Third Motion to Dismiss asserts many of the same contentions that were raised in his initial motion to dismiss in March, 2013.  In the instant motion, Canales argues that (1) there is no case or controversy in this suit that would sustain ALM's counterclaim under the Federal Declaratory Judgment Act based on ALM's Answer to Canales's Third Amended Complaint and ALM's responses to discovery requests; (2) ALM's counterclaims two through six should similarly be dismissed because there was no case or controversy at the time ALM filed its counterclaims; (3) ALM's counterclaim involving fraud on the United States Patent and Trademark Office ("USPTO") fails to meet the pleading standard set forth in Rule 9(b); and (4) all counterclaims asserted by ALM Media Properties, LLC, should be dismissed because it lacks capacity to bring the counterclaims.  Dkt. No. 60.

The Court asked Canales at the hearing what new arguments were being made in his Third Motion to Dismiss that had not already been addressed by the Court in ruling on his first such

---

[3] Although the Court has attempted to construe Canales's pleadings broadly, Canales's argument still remains somewhat ambiguous.  For example, the Court notes that Canales also appears to seek dismissal of ALM's Original Answer to Canales's Second Amended Complaint (Dkt. No. 52) despite the fact that ALM's Original Answer was filed prior to Canales's Third Amended Complaint.  Dkt. No. 55 at 5.

motion.  In response, Canales narrowed his contentions to the following three points: (1) ALM's Answer to Canales's Third Amended Complaint and responses to discovery demonstrate that there is no case or controversy; (2) ALM has failed to plead its counterclaim involving fraud on the USPTO with particularity; and (3) ALM Media Properties, LLC, does not have capacity to bring counterclaims in this case.  In response, ALM contends that (1) Canales's arguments regarding the lack of a case or controversy in this dispute and the failure to plead fraud with particularity have already been addressed by this Court and (2) ALM Media Properties, LLC, has capacity to assert counterclaims against Canales because the counterclaims arise out of interstate business, are compulsory in nature, and ALM Media, LLC, is registered in Texas.  Dkt. No. 62.  After reviewing the parties arguments, both in writing and at the hearing, the Court will recommend that Canales's Third Motion to Dismiss (Dkt. No. 60) be **DENIED** in its entirety.

> 1.      **Standing**

Canales re-asserts his argument that there is no controversy in the instant case.  More specifically, Canales contends that the Fifth Circuit's decision in *Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745 (5th Cir. 2009), should control the Court's analysis of ALM's counterclaim under the Federal Declaratory Judgment Act.  Although the Court has already considered Canales's challenge to this particular counterclaim, *see* Dkt. Nos. 38, 48,  he argues that ALM's counterclaims must be dismissed when ALM's Original Answer (Dkt. No. 56) and its responses to discovery requests are considered under the legal framework set forth in *Vantage Trailers*.  However, the Court's review of the documents mentioned by Canales and the *Vantage Trailers* decision does not alter its opinion that Canales's motion to dismiss ALM's counterclaim under the Federal Declaratory Judgment Act should be denied.

Pursuant to Rule 12(b)(1), courts may dismiss a claim for lack of subject matter jurisdiction. The party asserting jurisdiction must demonstrate subject matter jurisdiction by a preponderance of the evidence. *Young v. United States*, 727 F.3d 444, 446 (5th Cir. 2013). For declaratory judgment actions, the plaintiff must establish that an actual controversy existed at the time the complaint was filed. *Vantage Trailers*, 567 F.3d at 748 (citing *Sierra Applied Sciences, Inc. v. Advanced Energy Indus., Inc.*, 363 F.3d 1361, 1373 (Fed. Cir. 2004)). In *Vantage Trailers*, the Fifth Circuit applied the Supreme Court's decision in *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), which directed that "the dispute must be definite and concrete, real and substantial" and could not "be used to seek an opinion advising what the law would be on a hypothetical set of facts." *Vantage Trailers*, 567 F.3d at 748. Following *MedImmune*, the issue to be decided regarding standing in a federal declaratory judgment suit is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127.

Even considering the standards set forth in *Vantage Trailers*, it is difficult for the Court to understand Canales's contention that there is no actual controversy in the instant case. Reduced to its most basic recitation, the parties are disputing who acquired rights to the "SUPREMECOURTINSIDER" mark first. As noted by the Court in its previous report and recommendation, ALM's contention is that it acquired superior common law rights in the mark "SUPREMECOURTINSIDER" prior to any use in commerce by Canales. *See, e.g.*, Dkt. No. 38 at 9–10; *see also* Dkt. No. 56, ¶¶ 84, 162, 224. Therefore, when Canales continued to use the mark on his sites and when he submitted a Texas trademark application, he infringed upon ALM's rights in the mark. Again, Canales does not deny that he is continuing to use the mark on his websites nor

5

does he dispute that he filed trademark applications in June and September of 2012. Thus, the controversy between ALM and Canales is sufficiently immediate, real, and definite to satisfy ALM's standing requirements under Article III.

Rather, what Canales appears to be arguing (again) is that ALM's Original Answer, Dkt. No. 56, and its discovery responses demonstrate that it abandoned the "SUPREMECOURTINSIDER" mark when ALM changed the name of its newsletter to "Supreme Court Brief" in January, 2013. As the Court stated at the hearing, the evidence suggests that ALM made the decision to rename the newsletter as a result of the filing of suit, with the intention to use the mark if it prevails in the suit. Further, whether ALM abandoned any claims it had to the "SUPREMECOURTINSIDER" mark is not an issue that should be resolved when discovery is still ongoing. More importantly, this contention misses the underlying theory of ALM's counterclaim—that it is Canales who is committing the infringing activity and continues to do so. The fact that ALM is not currently using the mark does not somehow invalidate its assertion that it has superior common law rights in the "SUPREMECOURTINSIDER" mark. Moreover, ALM clearly contends that it reserves the right to return to the use of the mark under its common law rights and explicitly denies that it has abandoned the mark. Dkt. No. 56, ¶ 84. Because Canales does not deny that he was using the mark at the time ALM filed its counterclaims, ALM has standing to assert its declaratory judgment counterclaim. Accordingly, the Court again overrules Canales's challenge that there is no controversy that would sustain ALM's counterclaims in this case.[4]

---

[4] As for Canales's assertion that ALM's counterclaims two through six should also be dismissed because there was no controversy at the time ALM filed its counterclaims, the Court similarly rejects Canales's contention for the reasons stated herein and in the Court's previous report and recommendation (Dkt. No. 38).

Additionally, the Court finds the facts in *Vantage Trailers* distinguishable from the instant case.  In *Vantage Trailers*, the Fifth Circuit held that there was no actual controversy between the parties because the design of the allegedly infringing product was not "substantially fixed and definite" when the plaintiff filed its declaratory judgment action.  567 F.3d at 749.  The product in question had not yet been produced.  Under ALM's contentions in this case, the infringing activity—use of the "SUPREMECOURTINSIDER" mark—has and continues to occur as Canales still uses the mark on his website.  Thus, this is not a case where it is unclear whether the allegedly infringing activity would occur in the future.  It has occurred, and continues to occur.  Consequently, the Court's recommendation here does not conflict with the Fifth Circuit's determination in *Vantage Trailers*.

### 2.     ALM's Counterclaim Alleging Fraud upon the USPTO

To the extent Canales argues that ALM has failed to plead with requisite particularity its counterclaim that Canales committed fraud upon the USPTO, the Court disagrees.  A motion to dismiss pursuant to Rule 9(b) tests the factual sufficiency of the plaintiffs' allegations.  *See Tel–Phonic Services, Inc. v. TBS International, Inc.*, 975 F.2d 1134, 1138 (5th Cir.1992).  The rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  Pleading fraud with particularity requires "[a]t a minimum. . .the particulars of time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby."  *Tel–Phonic Services, Inc.*, 975 F.2d at 1139; *see also Benchmark Elec., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003); *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997).

Canales contends that the Court should adopt the approach taken in *Global Healing Center, LP v. Powell*, No. 4:10-CV-4790, 2012 WL 1709144 at *4–6 (S.D. Tex. May 15, 2012), which found that the defendants had failed to sufficiently plead the elements of a claim of fraud in the procurement of a trademark registration.  In *Global Healing Center*, the court stated that "to prevail on a claim of fraud in the procurement of a registration, a proponent must plead and prove: (1) a false representation regarding a material fact; (2) knowledge or belief that the representation is false ('scienter'); (3) an intention to induce the listener to act or refrain from acting in reliance on the misrepresentation; (4) reasonable reliance on the misrepresentation; (5) damage proximately resulting from such reliance."  *Id.* at 4 (internal quotations and citations omitted).

Even if the Court were to evaluate ALM's counterclaim under the rubric in *Global Healing Center*, it would still find that Canales's challenge fails.[5]  First, ALM has identified precisely when Canales filed an application to register the "SUPREMECOURTINSIDER" mark with the USPTO—September 25, 2012.  *See* Dkt. No. 56, ¶ 215.  ALM further alleges that Canales "falsely and fraudulently claimed that he was the 'owner of the trademark/service mark to be registered' and that 'no other person, firm, corporation, or association has the right to use the mark in commerce'" in a manner that would cause confusion, mistake, or deception.  *Id.* ¶ 216.  According to ALM, these statements were made by Canales over two years after he became "fully aware" of ALM's use of the mark.  *Id.*  Moreover, ALM states that it has and will continue to incur fees to defend the claims alleged by Canales in this suit even though ALM has already withdrawn its trademark application as a result of Canales's actions before the Trademark Trial and Appeal Board.  *Id.* ¶¶ 217–219.

---

[5] The Court notes that, while helpful, *Global Healing Center* is not controlling precedent in this case.

These allegations sufficiently plead fraud with particularity under Rule 9(b) by identifying, "the particulars of time, place and contents of the false representations," *Tel–Phonic Services, Inc.*, 975 F.2d at 1139, as well as the elements set forth in *Global Healing Center*.  ALM's allegation that Canales submitted the purported false statements to the USPTO despite actual knowledge of ALM's usage of the mark implicitly alleges that Canales did so intending for the USPTO to rely on the misrepresentation.  The mere fact that ALM may not have explicitly stated as such does not convince this Court that ALM's counterclaim alleging fraud upon the USPTO should be dismissed at this time, particularly given the specific facts that have been explicitly pleaded.  Accordingly, the Court rejects Canales's contentions on this issue.

### 3.    Capacity

Canales's final new point of contention is that ALM has admitted for the first time that ALM Media Properties, LLC ("ALMMP"), is not registered in the state of Texas pursuant to the Texas Business Organizations Code and consequently, lacks capacity to assert counterclaims in this case. Dkt. No. 60 at 14–16; *see also* TEX. BUS. ORGS. CODE § 9.051(b).  Canales argues that both ALM's admission and a Certificate of Fact issued by the Texas Secretary of State show that ALMMP is not registered in Texas.  Dkt. No. 60 at 15.  In response, ALM submits that ALMMP is permitted to maintain counterclaims in this case because (1) it conducts business in interstate commerce, and (2) it has asserted compulsory counterclaims which are not precluded by TEX. BUS. ORGS. CODE § 9.051(b).  Dkt. No. 62 at 9–13.

After reviewing the parties' arguments, the Court declines to adopt Canales's position and will recommend that the District Judge deny his Third Motion to Dismiss on this point.  TEX. BUS. ORGS. CODE § 9.051(b) provides that:

> A foreign filing entity or the entity's legal representative may not maintain an action, suit, or proceeding in a court of this state, brought either directly by the entity or in the form of a derivative action in the entity's name, on a cause of action *that arises out of the transaction of business in this state* unless the foreign filing entity is registered in accordance with this chapter.

(emphasis added). Although Section 9.051(b) does not explicitly define the parameters of what constitutes a "transaction of business in [Texas]," TEX. BUS. ORGS. CODE § 9.251 defines "activities that do *not* constitute transaction of business in [Texas]" and includes in its non-exhaustive list the activity of "transacting business in interstate commerce." TEX. BUS. ORGS. CODE § 9.251(9). In this case, ALMMP does not transact business in Texas; instead, it is an intellectual property holding company that registers federal marks for ALM Media, LLC. Based on its business activities, it does not appear that the limitations set forth by TEX. BUS. ORGS. CODE § 9.051(b) prohibit ALMMP from maintaining its counterclaims. Moreover, ALMMP's counterclaims clearly arise out of activities conducted in interstate commerce. Both parties contend that they used the "SUPREMECOURTINSIDER" mark in commerce prior to any use by the other party, thereby obtaining superior rights in the mark. *See, e.g.*, Dkt. No. 53, ¶ 35; Dkt. No. 56, ¶¶ 148, 162, 178. ALM's use of the "SUPREMECOURTINSIDER" mark in promoting and distributing its newsletter and Canales's subsequent attempt to register the mark with the USPTO demonstrate both parties' use or intent to use the mark in interstate commerce. Accordingly, the Court finds that ALMMP is not prohibited from maintaining its counterclaims by the Texas statute.

Additionally, the Court also concludes that ALMMP's counterclaims are compulsory and thus, not precluded by TEX. BUS. ORGS. CODE § 9.051(b) even if the statute were applicable in this case. While neither Texas courts nor the Fifth Circuit have addressed the implication of TEX. BUS. ORGS. CODE § 9.051(b) upon compulsory counterclaims, the Fifth Circuit has considered this issue

10

in the context of a nearly-identical Mississippi statute.  *See Envtl. Coatings, Inc. v. Baltimore Paint & Chem. Co.*, 617 F.2d 110 (5th Cir. 1980); *see also Atrium Companies, Inc. v. ESR Assoc., Inc.*, No. 11-CV-1288, 2012 WL 4215103 at *8–9 (S.D. Tex. Sept. 18, 2012) (discussing the *Environmental Coatings* decision and finding it persuasive in construing TEX. BUS. ORGS. CODE § 9.051(b)).  In *Environmental Coatings*, the Fifth Circuit determined that a Mississippi statute which barred suits by a foreign corporation that had not obtained a certificate of authority to do business in Mississippi, did not preclude it from presenting compulsory counterclaims and third-party complaints.  *Envtl. Coatings, Inc.*, 617 F.2d at 111.  The court specifically noted that the statute permitted foreign corporations to "defend against suits, actions or proceedings brought in courts in Mississippi" and reasoned that the legislature "would not have expressly permitted defense by nonqualifying corporate defendants but impliedly circumscribed the scope of that defense by denying the right to bring compulsory counterclaims or third-party complaints."  *Id.* at 112.  Finding this reasoning persuasive with regard to the Texas statute, the Court concludes that TEX. BUS. ORGS. CODE § 9.051(b) does not bar ALMMP from maintaining its counterclaims.

As such, the remaining issue is whether ALMMP brings compulsory counterclaims.  In evaluating whether a counterclaim is compulsory, the Fifth Circuit has counseled that courts should consider the following four questions:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

*Songcharoen v. Plastic & Hand Surgery Assoc., PLLC*, No. 13–60315, 2014 WL 1304636 at \*11

(5th Cir. Apr. 2, 2014) (citing *Tank Insulation Int'l, Inc. v. Insultherm, Inc.*, 104 F.3d 83, 85–86 (5th

Cir. 1997)).  "If any of the four questions results in an affirmative answer, the counterclaim is

compulsory."  The counterclaims brought by ALMMP are plainly compulsory.  At the very least,

there is a logical connection between the claims and counterclaims in this case, which arise out of

the parties' dispute over the use of the "SUPREMECOURTINSIDER" mark.  An ultimate

determination on the merits would necessarily involve similar issues of fact and law and be based

upon substantially similar evidence.  Consequently, the Court concludes that ALMMP's

counterclaims are compulsory and not barred by TEX. BUS. ORGS. CODE § 9.051(b).

## II.  RECOMMENDATION

In accordance with the preceding discussion, the Court **RECOMMENDS** that the District

Judge **DENY** Plaintiff/Counter-Defendant Ramiro Canales's Second Motion to Dismiss

Counterclaims and Affirmative Defenses (Dkt. No. 55) and his Third Motion to Dismiss

Counterclaims and Affirmative Defenses (Dkt. No. 60) in their entirety.

## III.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing

objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See*

*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 20th day of June, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE